UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KEVIN ERIC GRANNUM,<br>          Plaintiff,<br><br>    v.<br><br>LEWIS G. EVANGELIDIS, DAVID TUTTLE,<br>CAPTAIN M. JACKSON,<br>LIEUTENANT M. STONE,<br>LIEUTENANT M. FOLEY,<br>OFFICER HATCH and OFFICER WARREN,<br>          Defendants. | Civil Action No.<br>18-40137-TSH |

**ORDER**
**April 28, 2020**

**Hillman, D.J.**

### Background

Plaintiff, Kevin Eric Grannum ("Plaintiff" or "Grannum"), a pre-trial inmate housed at the Worcester County Jail and House of Correction ("WCJ"), proceeding *pro se*, brought an action against Lewis G. Evangelidis, Sherriff of Worcester County ("Sherriff Evangelidis"), David Tuttle, Superintendent of the WCJ ("Sup. Tuttle"), Captain M. Jackson (" Capt. Jackson"), Lieutenant M. Stone ("Lt. Stone"), and Lieutenant M. Foley ("Lt. Foley") alleging claims under 42 U.S.C.§ 1983 for violation of his First Amendment Right to freedom of religion. More specifically, he alleged that these defendants denied him his right to free exercise of religion by refusing to provide him a diet that comports with his religious beliefs. On September 11, 2019, I

adopted the Report and Recommendation issued by Magistrate Judge Hennessy thereby: (1) dismissing the claims against Sherriff Evangelidis, Sup. Tuttle, Capt. Jackson and Lieutenant Foley, and (2) permitting Grannum to file an amended complaint adding Officer Hatch ("Hatch") and Officer Warren ("Warren") as defendants. The amended complaint, filed on September 20, 2019, alleges that Officers Warren and Hatch deprived him of certain constitutionally protected rights under the Eighth Amendment in violation of 42 U.S.C. §1983 by denying him heat and food.[1]

## The Motion for Summary Judgment

On October 3, 2019, Grannum filed a Motion for Summary Judgment (Docket No. 55). In support thereof, Grannum states that the defendants did not file any objections to Magistrate Judge Hennessy's Report and Recommendation and therefore, he is entitled to summary judgment on all his claims and compensatory damages. It appears that Grannum did not understand the substance of the Report and Recommendation. As noted above, upon the Court's adoption of the Report and Recommendation, all original defendants other than Lieutenant Stone were dismissed from the case. Grannum was permitted to amend his complaint to add Officers Hatch and Warren as defendants.

Grannum's motion for summary judgment is premature. Moreover, it fails to comply with the Federal Rules of Civil Procedure and this Court's Local Rules. *See* Fed.R.Civ.P. 56 and LR,D.Mass. 56.1.  Accordingly, it is *denied*.  Grannum shall have the amended complaint served on Officers Hatch and Warren.  After Officers Hatch and Warren have had an opportunity to file

---

[1] It does not appear that the amended complaint was ever served on Officers Hatch and Warren because rather than following the usual procedure for effecting service through the United States District Court's Clerk's Office, he filed a motion for service of process (Docket No. 53).  That motion has been granted and the appropriate forms have been forwarded to Plaintiff.

a responsive pleading, the Court will notice a scheduling conference to address all claims which remain pending.

## **Conclusion**

For the foregoing reasons, the Motion for Summary Judgment (Docket No. 55) is ***denied***.

*/s/ **Timothy S. Hillman***
TIMOTHY HILLMAN
DISTRICT JUDGE